**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DANA TAYLOR**                                                                          **PLAINTIFF**

**v.**                                              **Case No. 4:24-cv-00843-LPR**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                   **DEFENDANT**

**ORDER**

Before the Court is the parties' jointly filed Stipulation for the Award and Payment of

Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1]  In that

document, the parties indicate that they have negotiated and agreed to a total fee award of

$7,700.00, subject to this Court's approval.[2]  Despite the stipulation, the Court is obligated under

the EAJA to determine whether the award is reasonable.[3]

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable

attorney fees and expenses unless the Court determines that the Commissioner's position was

"substantially justified" or special circumstances would make an award unjust.[4]  After carefully

reviewing the parties' submissions and the record in this case, the Court finds that Plaintiff is

entitled to an attorney fee award pursuant to the EAJA.

---

[1] Doc. 14.

[2] *Id*. at 1.

[3] 28 U.S.C. § 2412(b); *see also Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds'. These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether or not and at what level attorney's fees are appropriate in an EAJA case. . . .  In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

[4] 28 U.S.C. § 2412(d)(1)(A).

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[5]  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[6]  The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[7]  Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[8]  Plaintiff has demonstrated that the CPI justifies a higher hourly rate, and the Defendant does not object to the rate proposed.[9]  The Court therefore finds that the stipulated hourly rate is reasonable.

Plaintiff's counsel's itemization of hours reflects that 34.05 attorney hours were spent working on this case.[10]  After reviewing the record, the Court finds that the number of hours compensated by the fee award were reasonably expended on the litigation.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA in the stipulated amount of $7,700.00.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

---

[5] *Id*. § 2412(d)(2)(A).

[6] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[7] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[8] *Id*.

[9] *See* Docs. 14 & 14-1.

[10] *See* Doc. 14-1.

IT IS SO ORDERED this 18th day of May 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE